**David Radford MURPHY, Plaintiff,**

v.

**L & J PRESS CORPORATION,
Defendant.**

**No. 74–834C(3).**

United States District Court,
E. D. Missouri, E. D.

Oct. 25, 1977.

Vincent M. Igoe, Igoe & Igoe, Ray E. White, Jr., St. Louis, Mo., for plaintiff.

James J. Amelung, Ralph C. Kleinschmidt, Evans & Dixon, St. Louis, Mo., for defendant.

---

## MEMORANDUM AND ORDER

NANGLE, District Judge.

This matter is before the Court upon defendant's objections to plaintiff's bill of costs. Defendant also seeks to strike the same. On August 12, 1977, the Court of Appeals for the Eighth Circuit reversed the judgment herein and remanded this cause for a new trial. On August 18, 1977, the Court ordered that defendant pay the following costs to plaintiff:

| | |
|---|---|
| Clerk's docketing fee | $ 50.00 |
| Costs of printing appellant's brief and reply brief | $ 91.44. |

On September 8, 1977, plaintiff submitted a bill of costs which included the following:

| | |
|---|---|
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $1,873.00 |
| Fees and disbursements for printing | $ 99.38 |
| Costs as shown on Mandate of Court of Appeals | $ 141.44 |
| Appeals Bond | $ 20.00. |

The record herein indicates that the court reporter was not paid for the costs of the transcript at any time prior to the decision of the Court of Appeals. Said decision was rendered without benefit of a transcript. Thus, this Court is unable to conclude that the fees of the court reporter were for the transcript "necessarily obtained for use in the case". Plaintiff has failed to provide support for the costs listed for fees and disbursements for printing. If said costs were incurred in the printing of the appellate briefs, such costs are already included in the costs awarded pursuant to the mandate of the Court of Appeals. Similarly, plaintiff has failed to support the claimed cost of $20.00 for an appeals bond.

Additionally, the Court notes that Rule X, Rules of the United States District Court for the Eastern Judicial District of Missouri, provides:

Within ten days after entry of a final judgment or decree, the party recovering costs *shall* file in the office of the Clerk of this court a verified bill of costs . . . . [emphasis added].

Thus, the bill of costs filed herein was untimely. *Cf., Dickinson Supply Incorporated v. Montana-Dakota Utilities Co.,* 423 F.2d 106 (8th Cir. 1970).

Accordingly, the Court concludes that only those costs mandated by the Court of Appeals may be recovered herein.

Therefore,

IT IS HEREBY ORDERED that defendant's objections to plaintiff's bill of costs be and are sustained and that plaintiff shall file an amended bill of costs in accordance with this memorandum within seven (7) days of this date.

IT IS FURTHER ORDERED that defendant's motion to strike be and is denied.